# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

**ANGELA DAVIS,**

 **Plaintiff,**          **CIVIL ACTION NO.:**

**v.**

**BOOKS-A-MILLION, INC.,**
 **and**
**UNUM LIFE INSURANCE**
**COMPANY OF AMERICA**

 **Defendants.**

## ERISA COMPLAINT

Jurisdiction

1. Plaintiff, Angela Davis is a citizen of the state of Alabama and resides in Colbert County, Alabama.

2. Angela Davis is a beneficiary under an "employee welfare benefit plan" as that term is defined in 29 U.S.C. 1002(1) sponsored by Books-A-Million, Inc. This Plan provides among other benefits life and accidental death and dismemberment benefits to certain employees of Books-A-Million, Inc., including her and her late husband, Howell Davis.

3. Defendant, Books-A-Million, Inc., (hereinafter referred to as "BAM") is a Delaware corporation and its corporate headquarters are located in Birmingham, Alabama.

4.     BAM is the Plan Administrator of the Books-A-Million, Inc., Life and Accident Plan (hereinafter referred to as the "Plan") under which the plaintiff is a beneficiary thereof.

4.     BAM is also a named Plan Fiduciary with respect to its duties regarding participant enrollment, claim notification, distribution of summary plan descriptions, plan explanation, and payment to Unum through payroll deductions.

5.     Unum Life Insurance Company of America (hereinafter referred to as "Unum") insures the terms of the Plan under policy number 934176.  Unum is also a Plan fiduciary as it makes claims decisions and collects premiums for said coverage.

6.     The Court has exclusive subject matter jurisdiction of this ERISA action for "other appropriate equitable relief" under 29 U.S.C. 1132(a)(3) by virtue of 29 U.S. C. 1132(e) and because the plaintiff claims arise under the laws of the United States( i.e. ERISA;  29 U.S.C. 1001 et.seq.) by virtue of 28 U.S.C. 1331.

## **FACTS**

7.     Howell Davis was a full-time hourly employee of a BAM.  Howell began working for BAM on September 20, 2010 and was eligible to participate in his employer's fringe benefits plans beginning on or after December 1, 2010.

8.     On February 1, 2015, BAM procured a new group life and accidental death and dismemberment policy from Unum.  BAM announced to its employees including Howell Davis that this new life coverage was now available. BAM informed its employees that it was pay for "basic coverage" which was two times an employee's annual earning and that employees could purchase their own supplement life insurance coverage in $10,000 increments and their respective spouse in lesser amounts.

9.     The Davis' decided to have Howell enroll in the Plan in February of 2015 for $40,000 of supplemental insurance and his wife Angela would purchase $15,000.   In exchange, the Davis' decided that they would discontinue their current privately purchased insurance and go with the employer-provided group coverage sponsored by BAM.

10.   In the years that followed, Howell Davis increased his supplemental insurance coverage during annual enrollment to $100,000 in 2016, followed by an increase to $130,000 in the years 2017, 2018, and 2019.

11.   Under the Plan, two groups of BAM employees are eligible for enrollment and benefits. The Plans designates these two groups as follows:

> Group 1
>
> Chairman of the Board, Chief Administrative Officer, Controller, Chief Financial Officer, Chief Merchandising Officer, President of Bam.Com, Executive Vice Presidents, Senior Vice Presidents, Vice Presidents, Regional Vice Presidents, District Managers, General Managers, Assistant General Managers, Full Time Home Office Associates, Distribution Center Managers, Distribution Center Supervisors, Distribution Center Drivers, Hourly Non-Management hired prior to February 1, 2004 and Salaried Non-Management hired after February 1, 2004 in active employment in the United States with the Employer
>
> Group 2
>
> Part-Time Employees eligible prior to January 1, 2015 in active employment in the United States with the Employer (Closed Group).

12.   Howell Davis, however, was a full-time hourly employee that was hired after 02/01/2014 and thus under the definitions of Plan, did not fall into either of these groups. Nevertheless, BAM enrolled Howell Davis in the Plan and collected biweekly insurance premiums for almost 5 years which were subsequently forwarded to Unum to pay for plan coverage for an ever-increasing amount of supplemental life insurance.

13.   BAM failed to disclose to Davis Howell at the time of annual enrollment that he could not increase his life insurance amount without proof of insurability and that the amount of benefits that Unum would pay would decrease as he aged.

14.   Nevertheless, BAM continued to make biweekly payroll deductions from Howell Davis check to pay for the increased insurance coverage from February of 2015 until his death in December of 2019.

15.     On Sept 27, 2019, Howell Davis was diagnosed with lung cancer and subsequently passed away on December 2, 2019 at the age of 70.

16.     On December 3, 2019, Kristi Mays an employee at BAM also notified Unum of Mr. Howell's death and subsequently filled out a claim form requesting only $13,000 in supplement insurance coverage be paid to Angela Howell and no coverage for basic life insurance (i.e. 2x one's annual salary). Unum assigns Ehisha Osborn, a Life Benefit Specialist to handle the claim.

17.     On December 11, 2019, Kristi Mays sends an email with a corrected notation to Unum that the amount to supplemental life insurance purchased by Howell Davis was $130,000, not $13,000.  Nevertheless, Elisha Osborn is confused as to why BAM was not claiming the additional "basic" coverage of twice an employee's annual earnings.

18. Osborn sends 5 emails to Mays dated December 16, 19, 26, and January 7 and 16th requesting Davis' 2014 W-2 and year-end wage statement.

19.  Not until January 16, 2020 does Mays reply, noting that Davis was not eligible for "basic" coverage but was eligible for supplemental coverage and that Mrs. Davis had enrollment confirmation in the amount of $130,000.

20.  On January 17, Jennifer Flaherty, Claims Manager for Unum was asked to assist Elisha Osborn with this claim.  Flaherty after review of the claim file concludes that Howell Davis "…does not fit into either group1 or 2" of eligible participants under the Plan.

21. Thereafter, Osborn and Kim Girouard, Senior Client Manager for Unum agreed that they should contact Unum's underwriting department for assistance in determining what group Mr. Davis should have belonged to and what to do about the Howell Davis' purchase of additional supplemental insurance coverage in 2016, 2017, 2018 and 2019.

22.  On January 31, 2020, UNUM underwriter, Blake Elrod wrote in an internal Unum memo that "…the [Plan Administrator) has been administering the plan incorrectly."  Ms. Elrod recommended that Howell should have been placed in

"Group 1" and that he was eligible for supplemental coverage but only in the initial amount selected in 2015 (i.e. $40,000) and that he was not eligible for the increases to $100,000 in 2016 and $130,000 in 2017, 2018, 2019 even though his employer had allowed his enrollment and made a deduction from his wages for the increase in coverage benefits.

23. On January 31, 2020, Blake Elrod sent an internal Unum Company email to both Osborn and Girouard expressing concern that there are other full time, hourly employees of BAM whose benefits were not being administered properly.

24. On February 8, 2020, Unum notifies Angela Howell that it has unilaterally decided to include Howell Davis in Group 1 and pay the supplement benefit amount first elected by Howell in 2015 ($40,000 reduced by 50% due to age death) but to not to pay $130,000 in coverage that Howell had selected and paid for beginning in February of 2017 until the date of his death.

25. Unum also informs Angela Howell that she can appeal this decision within 90 days of her receipt of this decision.

26. On February 19, 2020 Osborn on behalf of Unum notifies Angela Howell that her late husband would be eligible for the basic benefit of *twice* her deceased husband's annual earnings or $54,000 but reduced by one-half or 50% due to his age at death resulting in a payment of only $27,000. Osborn fails to mention that Angela Davis may also appeal this partial adverse decision as to the basic benefit.

27. On or about April 20, 2020, Angela Howell appeals Unum's denial.

28. On April 24, 2020, Unum denied Howell's appeal and informed her that she had exhausted administrative remedies under the Plan and had a right to file suit pursuant to ERISA if she disagreed with Unum's decision.

## COUNT I

Breach of Fiduciary Duty by Books-A-Million, Inc.

29. Plaintiff readopts the jurisdictional and factual allegations as above stated, as if fully set out herein.

30.     BAM or Books-A-Million, Inc. is a named fiduciary under the plan.  Its role under the Plan is to accurately enroll employees such as Howell Davis in the Plan; to correctly collect insurance premiums, to distribute accurate summary plan descriptions, and to provide accurate information to participants and beneficiaries so that they may obtain life insurance coverage that they purchased.

31.     BAM breached its fiduciary duty to Mr. Davis and his beneficiary Angela Davis by taking increased payroll deductions from Howell Davis biweekly payroll check to pay for supplemental life insurance that neither Howell nor Angela Davis were eligible for under the terms of the Plan because Davis was neither in group 1 or 2 of the eligible employees.

32.  BAM did not inform the Davis' that he was not eligible to participate in the Plan for either the "basic" or "supplemental" life coverage's; BAM also remained silent when it had a duty to speak the truth that Howell Davis could not elect to purchase any additional coverage due to his age after 65; BAM did not distribute an accurate summary plan description or enrollment information to inform the Davis' that if he died that the amount of coverage would be reduced because of age.  Under the terms of the Plan, death benefits are reduced by 50% if an employee was age 70 or older at the time of death.  Finally, BAM failed to inform Davis' that any increase in supplemental coverage amounts required "evidence of insurability" which was never provided not did BAM require it.

33.    The above-described actions by BAM were fraudulent and or demonstrate a significant breach in the standard of care to be employed by a plan fiduciary.

34.    The Davis' relied on their detrainment in believing they were enrolled or had a life insurance benefit under the Plan of $130,000 in supplement coverage and $54,000 in basic coverage at the time of Howell Davis' death.  The Davis' had dropped their own private life insurance coverage and thought they were eligible for basic and supplemental life insurance coverage offered by Unum through Howell Davis' employment with BAM.

35.  Secondly, Howell Davis paid for increasing supplemental life insurance premiums beginning in February of 2016 and thereafter without having to provide "evidence of insurability."  In essence, no one either at BAM or Unum informed Howell Davis that he was not an eligible plan participant from the start (February

2015) nor that he was ineligible to purchase any increase in supplemental or that his coverage amounts would be reduced due to age death.

36.     These breaches of fiduciary duty by BAM caused Unum to pay Howell Davis' beneficiary a death benefit of only $20,000 for supplemental coverage and not the $130,000 that they had been promised and only one-half or 50% of the basic benefit. Unum paid only $27,000, not $54,000 as promised.

37.     29 U.S.C. 1132(a) (3) provides that a participant or beneficiary may obtain "other appropriate equitable" relief when a plan fiduciary such as BAM breaches its duty and there is no remedy under the Plan.

38.     There is no relief available under the terms of the Plan because Howell Davis was not according to the terms of the plan in either group 1 or group 2 thus was not eligible for the initial supplement coverage of $40,000 much less the additional coverage that he purchased of $130,000.  Davis was also not eligible for basic coverage.

Wherefore the premises considered, the plaintiff requests this court to employ its appropriate equitable powers provided under Section 1132(a)(3) of ERISA and invoke one or more of the following equitable remedies as to BAM:

   a. The remedy of surcharge. BAM should be made to pay monetary compensation, also known as a surcharge, to Angela Howell, Howell Davis intended death beneficiary to make her whole in the sum of $110,000 (taking into account the $20,000 Unum paid) in order to fulfill the promises made to pay a $130,000 death benefit.  Also, pay monetary compensation for the difference in the basic benefit unreduced because of age for an additional sum of $27,000.

   b. Equitable Estoppel.  The Plaintiff and her deceased Husband were not informed by BAM that Howell Davis was not eligible for group life insurance coverage. Nevertheless, BAM permitted Davis' enrollment, took ever-increasing biweekly premiums for the purchase of

supplemental life insurance in the amount of $130,000. The Plaintiffs dropped their private insurance and replaced it with the group converge sponsored by BAM demonstrating their detrimental reliance on the promise of being eligible for group supplemental and basic coverage benefits.

c. Reformation of the Plan to conform to the promises made by BAM as to the basic coverage in the amount of twice Davis' annual income and $130,000 in supplemental death benefits with credit for the amount Unum did pay.

d. Other Appropriate Equitable relief as the Court deems fit and proper under 1132(a) (3).

e. An award of Attorney fees and Costs pursuant to 29 U.S.C. 1132(g).

f. Prejudgment interest.

## COUNT II

Breach of Fiduciary by Unum

39. Plaintiff readopts and re-alleges the previous averments in the previous paragraphs as if fully set out herein.

40. Unum was also a plan fiduciary responsible for claim administration. During the period of annual enrollment, BAM sent information detailing who the plan participants were and the amount of coverage to Unum. Unum knew or should have known that BAM was collecting increased premiums on plan participants without first obtaining evidence of insurability and yet remained silent in violation of its fiduciary duties.

41. Unum has waived compliance with the requirement of obtaining evidence of insurability by accepting increased supplemental insurance premiums by Plan participants including the Davis' for almost 5 years. Unum received the benefit of

its bargain and should not be permitted to disallow full payment for the coverage benefit selected and paid for by Howell Davis.  This amounts to unjust enrichment on the part of Unum.

42.     Waiver together with the remedy of the surcharge are appropriate equitable remedies and can be employed under 1132 (a) (3) of ERISA to prevent a wrong committed against a plan participant and their beneficiary by Unum.

Wherefore the premises considered and pursuant to Section 1132(a)(3) of ERISA, Angela Davis requests the court to employ its equitable powers and utilize one or more of the following remedies:

a. Surcharge and Waiver and order defendant Unum to pay the beneficiary momentary compensation in the amount of $110,000 and $27,000 in order to fairly remedy the wrong committed by Unum in breach of its fiduciary duty and to award "make-whole relief."

b. Employ the remedy of unjust enrichment since Unum received the benefit of its bargain in collecting increased insurance premiums for a supplemental life benefit without requiring evidence of insurability.

c. Reformation of the Plan to conform to the promises made by BAM as to the amount and eligibility for basic and supplemental death benefit due to the waiver of evidence of insurability by Unum.

d. Other Appropriate Equitable Relief as the Court deems fit and proper under 1132(a) (3).

e. An award of Attorney fees and Costs pursuant to 29 U.S.C. 1132(g).

f. Prejudgment interest.

/s/ Willson Jenkins_____
Willson Jenkins
Attorney for Plaintiff
310 W. Tombigbee St.
Florence, AL 35630
(256) 766-4840-Telephone
(256) 485-4733-Fax
Willson@jenkinsandgonce.com

**DEFENDANT TO BE SERVED CERTIFIED MAILED:**

**Books-A-Million, Inc.**
**402 Industrial Lane**
**Birmingham, AL 35211**

**Unum Life Insurance Company of America**
**2211 Congress St.**
**Portland, ME 04102**